# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
Michael F. Curtin and Vivien G. Johnson,           *
Personal Representatives of the                    *
ESTATE OF ELEANOR CLOSE BARZIN,                    *
Deceased,                                          *
                                                   *   No. 09-109 T
                    Plaintiffs,                    *
                                                   *   (Filed: February 26, 2010)
          v.                                       *
                                                   *
THE UNITED STATES,                                 *   Taxes; General Claim Submission
                                                   *   Statute, 31 U.S.C. § 3702; Check
                    Defendant.                     *   Forgery Insurance Fund Statute, 31
                                                   *   U.S.C. § 3343; Implied-in-Fact
                                                   *   Contract
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Stuart Joel Bassin*, Baker & Hostetler, LLP, Washington, D.C., for plaintiffs.

*Jacob E. Christensen*, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., with whom were *John A. DiCicco,* Acting Assistant Attorney General, *Steven I. Frahm*, Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, for defendant.

## OPINION AND ORDER

MARGOLIS, *Senior Judge.*

     This case comes before this Court on defendant's Motion for Partial Judgment on the Pleadings, filed pursuant to Rule 12(c) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiffs, Michael F. Curtin and Vivien G. Johnson, the personal representatives of the estate of Eleanor Close Barzin, claim the Internal Revenue Service ("IRS") erred when it sent a refund check of $10,383,013 to another executor of the estate, rather than to plaintiffs, and seek a replacement check in the amount of $10,383,013, and a refund of estate taxes in the amount of $5,129,772. After careful consideration of the filings detailed below and oral argument by the parties, this Court finds that plaintiffs have not, and cannot, establish that they are entitled to a replacement check in this Court. Accordingly, defendant's Motion for Partial Judgment on the Pleadings is GRANTED.

**Factual Background**

Eleanor Close Barzin, a United States citizen, passed away in 2006, while living in France. Upon her death, multiple executors were appointed to administer her estate, including her son, Antal Post De Bekessy, who apparently resides in France, and plaintiffs. On August 24, 2007, a payment of $17,500,000 in estate tax was made to the IRS on behalf of Barzin's estate, accompanied by a request from Curtin for an extension of time to file the estate's tax return. On February 19, 2008, De Bekessy filed an estate tax return that reported an overpayment of $10,383,013 in tax. On February 27, 2008, plaintiffs filed a second estate tax return with the IRS, reporting an overpayment of $5,129,772.

The IRS subsequently issued a refund check in the amount of $10,383,013 based on the first return filed. The check was issued to the order of the Eleanor Close Barzin Estate, Antal P De Bekessy, and was sent to De Bekessy in care of O. Jamet in Paris, France. [Def. Ex. A.] The check was negotiated and paid by the United States Treasury. On February 20, 2009, plaintiffs filed a complaint against the United States in this Court.

Defendant filed its motion on September 21, 2009, seeking partial judgment on the pleadings on the basis that plaintiffs' replacement check claim is not a claim for which this Court can grant relief. Defendant asserts that plaintiffs failed to identify any statutory basis to award a replacement for a check that was issued to and deposited on behalf of Barzin's estate. To the extent that the complaint identifies a money-mandating statute, defendant contends that plaintiffs have failed to state a claim, so the claim for a replacement check should be dismissed.

Plaintiffs filed an opposition on October 22, 2009, arguing that jurisdiction exists under the general claim submission statute, 31 U.S.C. § 3702, and the Check Forgery Insurance Fund statute, 31 U.S.C. § 3343, and also because the claim is based on the alleged breach of an implied-in-fact contract. Plaintiffs rely on the jurisdiction as alleged in ¶ 3 of the amended complaint, asserting that § 3702 is a money-mandating statute. Plaintiffs also argue, for the first time, that they satisfy all of the elements of a cause of action under § 3343 and emphasize that plaintiffs did not endorse the check or authorize anyone else to do so. Additionally, plaintiffs raise the new argument that the claim for a replacement check is based on the breach of an implied-in-fact contract. They maintain that implied-in-fact contract jurisdiction is available because the IRS collected money to pay the estate taxes and "had no right to send the money to an adverse party overseas without [p]lantiffs' approval." [Pl. Opp. at 10.] To do so, plaintiffs argue, was a breach of an implied-in-fact contract by the IRS to properly account for the tax money it collects, thereby providing this Court jurisdiction to award money damages to compensate for that breach.

In its reply, defendant reiterates that it is entitled to judgment on the pleadings. Specifically, defendant counters that § 3702 is not money-mandating because nothing in the statute's language can fairly be interpreted as creating a substantive right to payment and notes that the Court of Federal Claims has previously found in three cases that § 3702 does not provide a source of jurisdiction. Defendant argues that any attempt to assert a claim under § 3343 is time

barred because plaintiffs failed to present the claim as required by the statute, and that even if the claim were not procedurally barred, plaintiffs' assertion that the check was lost and forged lacks sufficient plausibility to withstand the current motion.  Defendant also contends that plaintiffs have failed to state a claim based upon an implied-in-fact contract because they did not allege the existence of such a contract or breach in their complaint and, in any event, there is no implied-in-fact contract in this case.

## Discussion

    A.    Relevant Legal Principles

Rule 12(c) of the Rules of the Court of Federal Claims provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." RCFC 12(c).[1]  A motion for judgment on the pleadings is granted when "there are no material facts in dispute and the [moving] party is entitled to judgment as a matter of law." *Forest Labs., Inc. v. United States*, 476 F.3d 877, 881 (Fed. Cir. 2007) (citations omitted); *Zhang v. United States*, 89 Fed. Cl. 263, 267 (2009).  When deciding a motion for judgment on the pleadings, the court may review "the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the ... court will take judicial notice." *Crusan v. United States*, 86 Fed. Cl. 415, 417 (2009) (citing 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1367 (2008)).  The court presumes that the facts alleged in the complaint are true and draws all reasonable inferences in favor of the plaintiff. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citations omitted).  Although the facts are construed in favor of the plaintiff, the complaint must still allege facts "plausibly suggesting" a showing of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

    B.    General Claim Submission Statute, 31 U.S.C. § 3702

Plaintiffs contend jurisdiction exists under the general claim submission statute, 31 U.S.C. § 3702, because the statute authorizes submission of "all claims . . . against the United

---

[1] The United States has styled its motion as a Rule 12(c) motion, but plaintiffs note that the government's argument centers around plaintiffs' alleged failure to state a claim upon which relief can be granted, which is usually raised in a Rule 12(b)(6) motion.  This is a distinction without a difference in this case, because the same legal standard is applied to evaluate a Rule 12(c) motion for judgment on the pleadings as is applied for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009).  Moreover, courts "have routinely construed a motion to dismiss for failure to state a claim filed after the answer as a motion for judgment on the pleadings." *Hamilton v. United States*, 85 Fed. Cl. 206, 210 (2008) (citing *Peterson v. United States*, 68 Fed. Cl. 773, 776 (2005) (collecting cases)).  Where, as here, the motion in question follows the answer, this Court determines it is appropriate to address this case as a Rule 12(c) motion.

States Government." Plaintiffs' argument fails, however, because § 3702 is not a money-mandating statute and, therefore, cannot provide jurisdiction.

The Tucker Act[2] confers jurisdiction on the United States Court of Federal Claims, but "it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify an independent basis - a contract, federal statute, regulation, or the Constitution - upon which it is entitled to monetary payment from the federal government. *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) ("The claim must be one for money damages against the United States and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.") (internal citations omitted); *see Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("In the parlance of Tucker Act cases, that source must be 'money-mandating.'"); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (burden of establishing jurisdiction is on the plaintiff). A statute is money-mandating if its language is "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

The general claim submission statute is not money-mandating, and plaintiffs' reliance upon this statute is unavailing. This court has, on three occasions, found that § 3702 is not a money-mandating source of jurisdiction in the Court of Federal Claims. *See McNeil v. United States*, 78 Fed. Cl. 211, 228 (2007) ("Section[] . . . 3702 . . . [is] not [a] money-mandating source[] of jurisdiction in this court."); *Duncan v. United States*, 2007 WL 5160386, at *3 (Fed. Cl. Aug. 20, 2007) ("The various provisions cited by the Plaintiff relating to settlement and judgment (such as . . . §3702 . . .) . . . do not create substantive rights to payment."); *see also Adde v. United States*, 81 Fed. Cl. 415, 421 n. 4 (2008). This Court finds no reason to depart from these decisions, because nothing in the language of the statute can fairly be interpreted as mandating compensation by the United States. Instead of providing an independent cause of action, the general claim submission statute only establishes procedures and authority for settling claims, even stating that nothing in the subsection "affects the underlying obligation of the United States." § 3702(c)(2). Thus, it is not reasonably amendable to a reading that it also mandates a substantive separate right of recovery. *See Mitchell*, 463 U.S. at 216-17. Accordingly, plaintiff may not rely upon it to establish the jurisdiction of this Court.

    C.    Check Insurance Forgery Fund, 31 U.S.C. § 3343

Plaintiffs contend that jurisdiction exists under the Check Insurance Forgery Fund statute, and that they satisfy all of the essential elements of the statute. Although § 3343 is a money-mandating statute, plaintiffs have not, and cannot, state a claim under this statute. The complaint

---

[2] The Tucker Act provides that the United States Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

does not invoke § 3343, nor did plaintiffs allege any of the elements necessary to assert a claim for relief under this statute. Moreover, even if given leave to amend, plaintiffs could not plausibly allege all of the necessary elements.

To recover under § 3343, the following requirements must be met: (1) the check is lost or stolen without the fault of the payee or a holder that is a special endorsee and whose endorsement is necessary for further negotiation, (2) the check is negotiated and paid by the Treasurer on a forged endorsement of payee's or special endorsee's name, and (3) the payee or special endorsee has not participated directly or indirectly in the proceeds of such negotiation or payment. 31 U.S.C. § 3343(b); *see also Olson v. United States*, 437 F.2d 981, 983-84 (Ct. Cl. 1971).

In this case, the complaint does not contain factual allegations that the check in question was lost or negotiated under a forged endorsement. In fact, the amended complaint states that the check was sent to De Bekessy, in care of Notaire Jamet, at the Paris, France address provided on tax forms. These allegations belie any argument that the check was lost. Any inference that the check was sent to and endorsed by someone other than the persons to whom the check was mailed and made payable is not plausible. *See Twombly*, 550 U.S. at 555.

Plaintiffs' contention that any endorsement by De Bekessy or Jamet was a forgery because plaintiffs did not authorize either person to endorse the check misses the mark. Each of the cases cited by plaintiffs addresses a situation where, unlike here, the endorser was not identified as a payee on the check, so an unauthorized endorsement was a forgery. *See, e.g., Strann v. United States*, 2 Cl. Ct. 782, 785 (1983); *Olson,* 437 F.2d at 982. In this case, however, the check at issue was made payable to the order, alternatively, of De Bekessy or Jamet. Thus, either could lawfully negotiate the check without plaintiffs' permission, and there is no forgery. In light of the above, plaintiffs have not adequately pleaded a claim for relief under § 3343, and their new arguments that the check was lost and negotiated under a forged endorsement are not plausible.

D.    Breach of an Implied-in-Fact Contract

Plaintiffs also argue, for the first time, that the IRS has "breached the implied-in-fact contract that the IRS has with all taxpayers to properly account for the tax money it collects to satisfy their tax liabilities." [Pl. Opp. at 10.] Plaintiffs did not plead the existence, or breach, of an implied-in-fact contract in the complaint, so plaintiffs failed to bear their burden of demonstrating jurisdiction on these grounds. *See McNutt,* 298 U.S. at 189. Any attempt by plaintiffs to amend their complaint to assert jurisdiction for the replacement check claim based on an implied-in-fact contract would be futile.

Implied-in-fact contract jurisdiction is limited to claims by non-taxpayers. *Fletcher v. United States*, 1980 WL 99776, at *3 (Ct. Cl. Dec. 31,1980); *Kirkendall v. United States*, 31 F. Supp. 766, 769 (Ct. Cl. 1940). For example, in *Kirkendall*, the plaintiff's property was wrongfully acquired by the IRS in order to satisfy the tax liability of another. *Id*. The court found an implied-in-fact contract arose that would allow the plaintiff to recover because the plaintiff could not file a refund claim when no tax had been assessed against or paid by him. *Id*.

5

More recent cases indicate that implied-in-fact contract jurisdiction does not exist where the claim is raised by the taxpayer, because the appropriate remedy in that situation is a tax refund suit. *Fletcher*, 1980 WL 99776, at *3; *see West Publishing Co. Employees' Preferred Stock Ass'n v. United States*, 198 Ct. Cl. 668, 677 (1972).

Here, plaintiffs' remedy, if any, would arise in the context of a tax refund claim (the remaining count in this case) because the complaint alleges that plaintiffs made tax payments totaling $17,500,000 on behalf of Barzin's estate and later sought a tax refund of $5,129,772, which they continue to pursue before this Court. Thus, plaintiffs are taxpayers and have a remedy available to them in the form of a refund claim. Therefore, implied-in-fact contract jurisdiction is not appropriate here. Allowing plaintiffs the option of proceeding either under the refund provisions of the tax code or under a theory of implied-in-fact contract would undermine the purpose of the refund procedures set out in the tax code. *See West Publishing*, 198 Ct. Cl. at 673-75. Accordingly, plaintiffs' status as taxpayers would preclude them from being able to set forth a claim based on the existence and breach of an implied-in-fact contract with the IRS.

## Conclusion

In light of the foregoing, this Court finds that, under the facts and circumstances of this case, plaintiffs have not, and cannot, demonstrate they are entitled to the relief sought in Count 1 of their complaint. Accordingly, the defendant is entitled to judgment as a matter of law on that count. It is hereby ORDERED that defendant's Motion for Partial Judgment on the Pleadings is GRANTED, and plaintiffs' claim for a replacement check in Count 1 is dismissed.

s/Lawrence S. Margolis<br>
LAWRENCE S. MARGOLIS<br>
Senior Judge, U.S. Court of Federal Claims