# In the United States Court of Federal Claims

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
Michael F. Curtin and Vivien G. Johnson,  *
Personal Representatives of the           *
ESTATE OF ELEANOR CLOSE BARZIN,           *
Deceased,                                 *
                                          *
                       Plaintiffs,        *
                                          *   No. 09-109T
              v.                          *
                                          *   (Filed: December 1, 2011)
THE UNITED STATES,                        *
                                          *
                       Defendant,         *
                                          *   Taxes, jurisdiction over tax
         -AND-                            *   refund claim, 26 U.S.C. §
                                          *   7422(e), Court loses
THE UNITED STATES,                        *   jurisdiction over claim
                                          *   asserted in Tax Court
                  Third-Party Plaintiff,  *
                                          *
              v.                          *
                                          *
ANTAL POST DE BEKESSY,                    *
                                          *
                  Third-Party Defendant.  *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Stuart J. Bassin*, Baker & Hostetler LLP, Washington, DC, for plaintiffs.

*Jacob E. Christensen*, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were *John A. DiCicco*, Principal Deputy Attorney General, *Steven I. Frahm*, Chief, Court of Federal Claims Section, *Mary M. Abate*, Acting Chief, Court of Federal Claims Section, and *G. Robson Stewart*, Assistant Chief, for defendant.

## OPINION

MARGOLIS, *Senior Judge*.

     This matter comes before the Court on defendant's Motion to Dismiss, filed September 8, 2011. The Court finds that under 26 U.S.C. § 7422(e), it lost subject-matter jurisdiction over plaintiffs' refund claim when plaintiffs and third-party defendant filed suit in the United States

Tax Court challenging the Internal Revenue Service's (the "IRS") notice of deficiency. Because the Court already dismissed plaintiffs' replacement check claim, the only other claim in the amended complaint, it must now dismiss plaintiffs' entire suit. Thus, the Court grants defendant's motion.

## I. BACKGROUND

Eleanor Close Barzin died on November 27, 2006, owning property in France, Switzerland, and the United States. Plaintiffs allege that Mrs. Barzin provided for the disposition of her United States assets in a will and a trust (the "U.S. Trust"), and provided for the disposition of her French and Swiss assets in a separate will and two French codicils (collectively, "the European Will"). They allege that they are personal representatives of Mrs. Barzin's U.S. estate, which is being administered in the District of Columbia. They also allege that Antal Post De Bekessy is responsible under foreign law for collecting and distributing Mrs. Barzin's assets under the European Will.

About August 24, 2007, plaintiffs and the trustees of the U.S. Trust filed a Form 4768 ("Application for Extension of Time to File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes") with the IRS, and the trustees paid the IRS $17,500,000 towards the estate's taxes. About February 19, 2008, De Bekessy filed a Form 706 ("United States Estate (and Generation-Skipping Transfer) Tax Return") reporting that the estate had overpaid its taxes by $10,383,013. About February 27, 2008, plaintiff Curtin filed a Form 706 reporting an overpayment of $5,129,772. About March 19, 2008, the IRS sent De Bekessy in France a $10,383,013 refund check based on his Form 706. Plaintiffs allege that they have not recovered these funds.

On February 20, 2009, plaintiffs filed suit against defendant in this Court. Plaintiffs' amended complaint asserts two claims. Count I claims that defendant wrongly issued the $10,383,013 refund check to De Bekessy and that plaintiffs are entitled to have defendant reissue the check. Count II claims that plaintiffs overpaid the estate's taxes by $5,129,772 and that they are entitled to have defendant refund them that amount. On February 26, 2010, the Court dismissed Count I, finding that each of plaintiffs' theories of recovery based on defendant's mailing the refund check to De Bekessy failed for lack of jurisdiction or failure to state a claim. *Curtin v. United States*, 91 Fed. Cl. 683, 687-689 (2010). Also on February 26, 2010, the Court granted defendant's motion to summon De Bekessy and entered defendant's third-party complaint against De Bekessy.

On February 11, 2011, the IRS sent a notice of deficiency to plaintiffs and De Bekessy stating that the estate owed an additional $33,146,275 in taxes. On February 25, 2011, plaintiffs moved under 26 U.S.C. § 7422(e) to stay the proceedings until sixty days after the estate's deadline for filing a petition in the United States Tax Court for a redetermination of the deficiency. On March 17, 2011, the Court granted that motion. De Bekessy and plaintiffs filed

petitions in the Tax Court for redetermination on February 28, 2011 and May 11, 2011 respectively.  Defendant argues that because De Bekessy and plaintiffs filed these petitions, § 7422(e) requires the Court to dismiss plaintiffs' suit.  Plaintiffs argue that § 7422(e) does not require dismissal and that even if it does, other factors make dismissal inappropriate.

## II.  STANDARD FOR DISMISSAL UNDER RCFC 12(b)(1)

RCFC 12(b)(1) allows a party to move to dismiss a claim for lack of subject-matter jurisdiction.  In ruling on a 12(b)(1) motion, a court must take the allegations in the complaint as true and decide on the face of the pleadings.  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

## III.  ANALYSIS

### A.  Section 7422(e)

26 U.S.C. § 7422(e) provides:

> Stay of proceedings.  If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any…estate tax…mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter.  *If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund.* . . .

(emphasis added).  Defendant argues that when De Bekessy and plaintiffs filed petitions for redetermination in the Tax Court, the Tax Court acquired jurisdiction over the entire subject matter of plaintiffs' refund claim (Count II), ousting the Court of subject-matter jurisdiction over that claim and requiring it to dismiss plaintiffs' suit.  Plaintiffs argue that the Tax Court did not acquire jurisdiction over plaintiffs' entire suit because it does not have jurisdiction over plaintiffs' replacement check claim (Count I), and it is unclear whether the estate will assert that claim in the Tax Court.

Section 7422(e) mandates dismissal of all claims that the Tax Court acquires jurisdiction over, not just those the taxpayer asserts in Tax Court.  *Russell v. United States*, 592 F.2d 1069, 1071-1072 (9th Cir. 1979); *see also Finley v. United States*, 612 F.2d 166, 170 (5th Cir. 1980) (Tax Court acquires jurisdiction over all issues affecting tax liability for the period in question "whether or not raised by the deficiency notice," and "[t]he district court is then divested of jurisdiction over all such issues . . . ."); *Peters v. United States*, 222 Ct. Cl. 534, 535 (1979) (dismissing refund suit where Tax Court ruled there was no deficiency without addressing refund

3

issue). The Court may only decline to dismiss where there is a "substantial issue" as to whether the Tax Court has acquired jurisdiction over the taxpayer's suit. *Dorsey v. United States*, 211 Ct. Cl. 339, 341 (1976). Of course, where the Tax Court lacks jurisdiction over some of the taxpayer's claims, the Court of Federal Claims may only retain the case if it has independent jurisdiction over those claims. *See Robinson v. United States*, No. C-84-0274, 1984 U.S. Dist. LEXIS 23095, at *4 (N.D. Cal. October 2, 1984) (dismissing where "no showing has been made by plaintiffs that this court would have jurisdiction to determine questions that the Tax Court is deprived from considering.")

In a redetermination suit, the Tax Court has jurisdiction to determine both the amount of the deficiency and the amount of any overpayment. 26 U.S.C. §§ 6214(a), 6512(b)(1); *Naftel v. Commissioner*, 85 T.C. 527, 531 (1985). Thus, when a taxpayer petitions the Tax Court for a redetermination, the Court of Federal Claims must dismiss any claims seeking a refund of overpayments. *See Russell*, 592 F.2d at 1070-1073; *Peters*, 222 Ct. Cl. at 535-537; *Fairchild Industries, Inc. v. United States*, 218 Ct. Cl. 680 (1978).

Here, Count II of plaintiffs' amended complaint seeks a refund of estate tax overpayments. The Tax Court acquired jurisdiction over this claim when De Bekessy and plaintiffs petitioned it for a redetermination. Thus, the Court no longer has subject-matter jurisdiction over Count II and must dismiss it. Since the Court already dismissed Count I (plaintiffs' replacement check claim) it must dismiss plaintiffs' entire suit. Whether the Tax Court has jurisdiction over plaintiffs' replacement check claim and whether the estate will assert that claim in the Tax Court are irrelevant because this Court already dismissed that claim. In its February 26, 2010 Opinion and Order, this Court held that each of plaintiffs' theories of recovery based on defendant's mailing the refund check to De Bekessy instead of plaintiffs fails for lack of jurisdiction or failure to state a claim. *Curtin*, 91 Fed. Cl. at 687-689.

**B.    Plaintiffs' Additional Arguments**

Plaintiffs argue that regardless of how the Court decides the § 7422(e) issue, it should not dismiss their suit because: (1) this would force plaintiffs to appeal the Court's dismissal of Count I now, even though the Tax Court and state court proceedings might ultimately make the appeal unnecessary, and (2) this would raise the issue of whether the Court must also dismiss defendant's third-party claim against De Bekessy, even though the Tax Court and state court proceedings might make the issue moot. Defendant argues that courts have rejected similar arguments and that the Court's failure to dismiss would consume more judicial resources, not less.

Section 7422(e) does not provide any exceptions to its loss of jurisdiction. It states that if the taxpayer files a petition with the Tax Court, the Court of Federal Claims "shall" lose jurisdiction. This provision is a "congressional limitation on . . . subject matter jurisdiction" and is "not subject to suspension simply because of the harshness of the result in a given case . . . ."

*Finley*, 612 F.2d at 172-173; *see also Fairchild Industries*, 218 Ct. Cl. at 682 (the theoretical possibility that the IRS would not pay the refund if the taxpayer won in Tax Court did not justify the Court of Claims to retain the suit; the taxpayer could sue in the District Court or the Court of Claims to compel payment later if necessary). Thus, the Court may not retain plaintiffs' suit in order to prevent plaintiffs from appealing or to avoid the issue of whether to dismiss defendant's third-party claim.[1]

### IV. CONCLUSION

Under 26 U.S.C. § 7422(e), the Court lost subject-matter jurisdiction over plaintiffs' refund claim when De Bekessy and plaintiffs filed suit in the Tax Court challenging the notice of deficiency. Because the Court already dismissed plaintiffs' replacement check claim, the only other claim in the amended complaint, it must now dismiss plaintiffs' entire suit. Thus, the Court grants defendant's motion, and the Clerk shall dismiss the complaint.

s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

---

[1] The Court will consider whether to dismiss defendant's third-party claim if and when De Bekessy, the third-party defendant, brings it before the Court.